IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,956-02






EX PARTE SHAMANE FORCEY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2002-023A IN THE 274TH DISTRICT COURT


FROM CALDWELL COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to twenty-five (25) years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because he was incompetent and did not
understand the nature and consequences of his plea. Specifically, he alleges that a visiting judge had
ordered a competency evaluation but that no such evaluation was ever conducted. Also, he alleges
that he is illiterate and could not read and comprehend the plea papers that he signed. Applicant also
alleges that his attorney rendered ineffective assistance because she told him that he could appeal
his conviction. Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). 
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. Specifically, the trial court shall make findings of fact as to
whether a visiting judge ordered a competency evaluation and, if so, whether a competency
evaluation was ever conducted. The trial court shall also make findings of fact as to whether counsel
believed that applicant was competent to enter his plea. The trial court shall also make findings of
fact as to whether Applicant could read and comprehend the plea papers which he signed. The trial
court shall also make findings of fact as to whether counsel advised Applicant that he was waiving
his appellate rights when he pleaded guilty. The trial court shall make findings of fact as to whether
the performance of Applicant's trial attorney was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief. The record shows that the trial court sue sponte appointed Alexander
Calhoun as habeas counsel on 9/2/2003. The trial court shall also make findings of fact as to
whether the aforementioned court order was enforced and, if so, shall identify the actions which
habeas counsel has taken with regards to the instant habeas petition. 

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: May 2, 2007

Do not publish